# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| vs. | ) | CRIMINAL NOs.  24-112-TFM-N |
| | | 24-113-TFM-N |
| GLENNIE ANTONIO MCGEE, | ) | |
| Defendant. | ) | |

## DEFENSE MOTION TO CONTINUE TRIALS IN THE INTEREST OF JUSTICE AND ACCEPT MOTIONS AS TIMELY FILED

COMES now the Defendant GLENNIE ANTONION MCGEE by and through undersigned Criminal Justice Act appointed counsel in the above styled action, James A. Johnson, and respectfully requests that this Honorable Court continue the trial date in 24-112 from July 28, 2025, to August 25, 2025, and continue the trial date in 24-113 from August 25, 2025, to after October 2025 based upon the following:

1. Undersigned counsel believes that under 18 U.S.C. § 3161(h)(7) the Court will find a continuance outweighs the best interests of the public and the defendant in a speedy trial.

2. Mr. McGee is charged in 24-112 by Superseding Indictment with 21 U.S.C. § 848(a), Continuing Criminal Enterprise, 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Cocaine, 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Fentanyl, 18 U.S.C. § 924(c)(1)(A)(i), Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 922(g)(1), Possession of a Firearm by a Prohibited Person (Felon), 21 U.S.C. § 841(a)(1), Distribution of Fentanyl, 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Cocaine.

4. If convicted the Defendant is facing multiple life sentences.

5. The Indictment in this case was returned on June 27, 2024. Mr. McGee made his initial

1

appearance in this court on July 24, 2024, and was detained. The Order on Arraignment in this case was entered on August 15, 2024, and the case was originally set for trial on March 31, 2025.

6. On February 24, 2025, the trial was continued because Defense counsel, Barre Dumas, sustained an injury which prevented him from representing the Defendant at the first trial setting on March 31, 2025.

7. The trial was rescheduled for June 9, 2025, and the undersigned was appointed as co-counsel on February 25, 2025, to assist Mr. Dumas and stand-in at trial in the event Mr. Dumas was still physically unable to participate in trial. It was anticipated by undersigned counsel that Mr. Dumas would at least be available as learned co-counsel to consult with about the facts of the case which he had been involved in since its inception.

8. The undersigned received the initial discovery from Mr. Dumas, which consisted of a portable hard drive containing 1.7 Terabytes of data[1] in 130,463 files, on March 11, 2025. After a cursory review of the discovery index and files the undersigned met with the Defendant for the first time along with Mr. Dumas on March 18, 2025.

9. During a de-brief in an unrelated case with another client the government suggested that Mr. Dumas had a conflict of interest in this case and because of the conflict Mr. Dumas was ultimately removed from this case on March 25, 2025.

10. As a result of Mr. Dumas' complete removal from the case on March 25, 2025, the undersigned has been required to "start from scratch" without the benefit of Mr. Dumas' seven months of experience in the case and start reviewing every piece of discovery in this case and three related cases, one of which is a very complex tax fraud and identity theft case (24-113) in which Mr. McGee is a major co-defendant facing a thirty-year sentence for his alleged involvement. Undersigned counsel also represents Mr. McGee in the tax fraud case which is set

---

[1] The related case discovery is between 4 and 6 Terabytes of additional data.

2

for trial on August 25, 2025.

11. The investigation in the 24-112 case began in December of 2023 and was given an Organized Crime Drug Enforcement Task Force designation on April 1, 2024. The government put extensive resources into surveillance and electronic eavesdropping. At least six Title III wiretaps were granted in this case along with a slew of warrants for pen registers, phone pings, pole cameras, and GPS trackers. The surveillance included a CCTV camera installed in the Defendant's vehicle, multiple cameras at the Defendant's apartment, and a pole camera outside his mother's house. The investigation continued from December 2023 until mid-June of 2024 when the Defendant was arrested and these wiretaps and recordings continued for most of that time and, in some cases, even after he was arrested. The wiretaps have resulted in hundreds of hours of audio and video recordings, hundreds of pages of wiretap applications (the affidavit in support of just one wiretap is 171 pages), thousands of pages of telephone call transcripts and text messages, thousands of pages of Cellebrite phone dumps, and hundreds if not thousands of pages of reports.

12. The Defendant is charged with the following counts in the tax fraud case (24-113): Count One- Conspiracy to Commit Fraud (18 U.S.C. § 1349); Counts Two, Four, Five, Six, Seven, Eight, Nine, Ten- Wire Fraud (18 U.S.C. § 1343); Count Eleven- Money Laundering Conspiracy (18 U.S.C. § 1956(h)); Counts Twelve, Fourteen, Fifteen, Sixteen- Aggravated Identity Theft (18 U.S.C. § 1028A(a)(1)); Counts Twenty-Two, Twenty-Three, Twenty-Four, Twenty-Five- Wire Fraud related to EIDL loan applications (18 U.S.C. § 1343); Count Seventeen- Conspiracy to Commit Wire Fraud (18 U.S.C. § 1349).

13. The Defendant is facing 13 counts with maximum penalties of 30 years each along with other penalties in the tax case.

14. Additionally, the Defendant faces forfeiture allegations tied to the offenses in both cases.

15. The investigation in the tax fraud case began in 2022 and was given an Organized Crime Drug Enforcement Task Force designation. There are thousands of pages of tax and financial documents in the tax case in the vast discovery that was produced by the government.

16. Undersigned counsel has pre-existing personal and professional obligations during the lead-up to the scheduled re-trial and during the period that the re-trial is actually scheduled. Undersigned counsel previously informed the court of a conflicting state court jury trial that his client has been waiting for years to occur. Due to unique circumstances in that wrongful death case in which the father who solely supported the family was killed, further delay in the resolution of that case will result in extreme hardship to the client and her family and may substantially prejudice her ability to recover in that case. The undersigned has an obligation to make sure this case moves forward even if it means withdrawing from representation of the Defendant in this case.

17. The government has virtually unlimited resources to prosecute these cases and has literally been preparing for these trials for years beginning with the filing of dozens of affidavits for wiretaps and warrants in these two cases. The Defendant has identified at least 66 government agents who have been involved in the investigations of these two cases over a 3+ year period of time. In contrast the undersigned was appointed on February 25,2025, as **co-**counsel, did not get all of the discovery until much later, and was elevated to lead counsel even later despite having never trial a criminal case in federal court. Five attorneys have appeared for the government in the drug case (24-112) and six attorneys have appeared in the tax fraud case (24-113). Additionally, the government has a full support staff in court and behind the scenes.

4

Other attorneys from the U.S. Attorneys office were regularly in and out of the courtroom during trial and it is believed that others were observing the proceedings through the CCTV cameras in the courtroom. The government also has at least two HIS agents assisting with trial prep and trial who were in the courtroom during the drug case (24-112) trial and a passel of IRS agents, experts, and others working in the tax fraud case (24-113). There are also more than a dozen co-defendants in these cases who have pled guilty and are expected to testify against the Defendant and each of these co-defendants is represented by an attorney. In all there are more than 23 attorneys representing adverse parties who have appeared in these two cases and the Defendant is represented by a single compensated CJA attorney.

18. The Eleventh Circuit has repeatedly recognized the importance of adequate defense resources. In *United States v. Glover*, 431 F.3d 744, 749 (11th Cir. 2005), the court emphasized that effective counsel means "adequate preparation" and "thorough investigation," especially in complex cases. In *United States v. Cronic*, 675 F.2d 1126 (11th Cir. 1982), the court noted that **overwhelming case complexity** and **lack of resources** could justify a **presumption of ineffectiveness**, even without specific trial errors. In *United States v. Salemo*, 61 F.3d 214, 220 (11th Cir. 1995), the court held that failure to provide counsel with reasonable tools for effective representation may result in **constitutional violation**. That is exactly what defense counsel faces in these cases- overwhelming case complexity and lack of resources. Continuances in these cases will allow for additional time for adequate preparation and thorough investigation in these case and allow time to recruit additional experienced CJA counsel to assist in the representation of the Defendant so that the prosecution to defense attorney ratio is not 23 to 1.

19. To further complicate and impede efforts by the undersigned to provide effective assistance to the Defendant the Court has, as of the writing of this motion, at least partially

5

denied an ex parte motion for issuance of subpoenas which will likely require the Defendant to file a Petition for Mandamus to the Eleventh Circuit prior to the start of the re-trial on July 28, 2025.

20. Further, counsel has a longstanding family obligation during July involving a close family member's scheduled medical treatment in Cleveland, Ohio. Undersigned counsel will be out of state for approximately two weeks and unavailable to engage in trial preparation. This matter was disclosed in a previous motion in 24-113 (Doc. 221).

21. The Court should understand that appointing an attorney to handle two complex cases of this magnitude in a short period of time puts an overwhelming burden on an attorney. The undersigned understands that efforts to recruit additional CJA counsel in these cases have been fruitless which demonstrates the commitment required to undertake representation in cases like these. The fact that many of the CJA panel attorneys are conflicted out of this case due to their representation of co-defendants and cooperating witnesses should also indicate the extreme difficulty of these cases.

22. Undersigned counsel has also previously advised the Court that, due to ongoing health concerns and physical limitations, it is not feasible to prepare for and try two back-to-back federal jury trials of this complexity without serious risk to counsel's health and effectiveness.

23. The undersigned is a sole practitioner and trying two complex cases like this back-to-back over a six-week period of time will effectively shut down his entire practice for more than 2 months. Additionally, the Chair, Judicial Conference Committee on Defender Services has advised all CJA Panel attorneys that due to a funding shortfall, payments for work performed in existing CJA cases will likely not be made until fiscal year 2026.

24. The undersigned has been consumed with trial preparation and the trial in 24-112 and

has been unable to prepare for the trial in 24-113 at all. Undersigned counsel cannot possibly provide effective assistance of counsel in 24-113 if a continuance is not allowed. Undersigned has an ethical obligation to inform the Court of these circumstances and to request continuances in these cases. <u>Code v. Montgomery</u>, 799 F.2d 1481, 1485 (11th Cir. 1986) ("failure to move for a continuance was both professionally deficient and prejudicial, and . . . abridged [appellant's] sixth amendment rights" to effective counsel).

25. A co-defendant who played a major role in this case, Jonathan Hackworth, has just been arrested and his arraignment is scheduled for next week. The continuance of 24-112 will further foster judicial economy in that Hackworth can be tried together with the existing co-defendants whose cases are set for trial on July 28, 2025.

26. A continuance is warranted under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), where the ends of justice served by granting such a continuance outweigh the interest of the public and the defendant in a speedy trial. The Eleventh Circuit has affirmed that such continuances are proper where "the failure to grant such a continuance … would deny counsel for the defendant … the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *United States v. Davenport*, 935 F.2d 1223, 1230 (11th Cir. 1991); *United States v. Knowles*, 66 F.4th 1086, 1092 (11th Cir. 2023); *United States v. Hernandez*, 896 F.3d 1208, 1214 (11th Cir. 2018). Under *United States v. Scott*, 613 F.2d 147 (5th Cir. 1980), and *United States v. Darby*, 744 F.2d 1508 (11th Cir. 1984), continuances are appropriate where counsel requires more time for preparation in complex matters. This request is made in good faith and not for purposes of delay. Absent continuances in these cases the undersigned may be obligated to file motions to withdraw.

27. Furthermore, the public interest will not be compromised by the granting of this

continuance. The two main defendants in this case remain in custody. Any perceived benefit in a prompt trial is outweighed by the risk that a conviction obtained under these circumstances could later be set aside due to ineffective assistance of counsel or denial of due process. The burden on the public and judicial system of conducting yet another retrial—should the defense be unavailable, unprepared, or undermined by lack of assistance—would be far more detrimental to the public interest.

28. Additionally, factoring in counsel for cooperating co-defendants and testifying witnesses, there will be over a dozen attorneys in the courtroom representing adverse interests. The defense, by contrast, is represented by a single compensated appointed counsel and an uncompensated CJA training panel attorney with limited availiability with less than three months to review 16 terabytes of discovery and prepare a comprehensive defense in two complex cases. To deny a continuance under these circumstances would be to elevate speed over justice.

29. This request is made in good faith and not for purposes of delay. A modest extension of the trial dates will permit counsel to complete essential preparation, accommodate critical family and professional obligations, and preserve the fairness of the proceedings.

30. The pretrial conference in 24-113 is scheduled for July 17, 2025. There is no additional pre-trial conference scheduled in 24-112 because it has been re-set after the previous mistrial. Therefore, the Defendant respectfully requests that the Court deem these motions as timely.

31. The undersigned has conferred with the Defendant and he is in agreement with this motion.

For the foregoing reasons, the defense requests that the Court find:

(a) taking into account the exercise of due diligence, a failure to grant a continuance

8

would deny counsel for the defendant the reasonable time necessary for effective preparation, due to counsel's need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv); and

(b) a failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i); and

(c) the additional time requested is a reasonable period of delay, as counsel has requested more time to prepare for trial, to investigate the matter, to gather evidence material to the defense, and to consider possible defenses; and

(d) the Government has recently produced discovery that will require additional time to review and conduct follow-up investigation. The case is sufficiently complex that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the current trial schedule, as set forth in 18 U.S.C. § 3161(h)(7)(B)(ii); and

(e) the ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendant in a speedy trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and;

(f) the additional time requested between the current trial dates of July 28, 2025 (24-112) and August 25, 2025 (24-113) and the new trial is necessary to provide counsel for the defendant reasonable time to prepare for trial considering counsel's schedule and all of the facts set forth above.

WHEREFORE the Defendant respectfully requests that the Court find that a continuance of the trial dates outweighs the best interests of the public, and the trial date in 24-112 be continued to August 25, 2025 or later to provide for the inclusion of Johanthan Hackworth, and that the trial date in 24-113 be continued to after October 6, 2025 and grant other relief that may

9

be appropriate under the circumstances.

    Respectfully submitted on this the 3rd day of July 2025.

                                    /s/ JAMES A. JOHNSON
                                    James A. Johnson (JOH126)
                                    Attorney for the Defendant
                                    32537 Lakeview Circle
                                    Loxley, AL 36551
                                    (251) 473-1800
                                    jim@attorneyjim.com

### CERTIFICATE OF SERVICE

    I certify that on the 3rd day of July 2025, I electronically filed the foregoing with the Clerk of the Court via ECF which will send notification to all counsel of record.

                                    /s/ JAMES A. JOHNSON