IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIM. ACT. NO. 1:24-cr-112-TFM |
| | ) |
| GLENNIE ANTONIO MCGEE | ) |

**MEMORANDUM OPINION & ORDER**

Pending before the Court was the *Motion to Recuse Presiding Judge* (Doc. 605, filed 8/27/25) filed by Defendant Glennie Antonio McGee ("Defendant" or "McGee"). The United States files its response in opposition (Doc. 615, filed 9/22/25). The Court held a hearing on the matter on October 3, 2025 and orally denied the motion indicating that a more detailed written opinion would follow (Doc. 637). This is that written opinion.

**I.     LAW GENERALLY**

"Two statutes govern recusal — 28 U.S.C. §§ 144 and 455." *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (citing *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983)). 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Next, 28 U.S.C. § 455 in relevant parts state as follows:

> (a) Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455(a), (b)(1).

Looking first at 28 U.S.C. § 144, it states "whenever a party . . . makes and files a timely . . . affidavit . . ." and that it further states "the affidavit . . . shall be filed not less than ten days before the beginning of the term . . . or good cause shall be shown for failure to file it within such time." Moreover, "[a] motion for recusal based upon the appearance of partiality must be timely made when the facts upon which it relies are known. The untimeliness of such a motion is itself a basis upon which to deny it." *United States v. Siegelman*, 640 F.3d 1159, 1188 (11th Cir. 2011) (citing *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1472 (11th Cir. 1986)). "The purpose of the rule is to 'conserve judicial resources and prevent a litigant from waiting until an adverse decision has been handed down before moving to disqualify the judge.'" *Id*. (quoting *Summers v. Singletary*, 119 F.3d 917, 921 (11th Cir. 1997)).

"[T]he standard of review for a § 455(a) motion 'is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality[.]". *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). While doubts must be resolved in favor of recusal, *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989), "a judge should not recuse [himself] based upon unsupported and tenuous allegations," *Yeyille v. Miami Dade Cnty. Pub. Sch.*, 654 F. App'x 394, 396 (11th Cir. 2016) (quoting *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988)).

## II. DISCUSSION AND ANALYSIS

Defendant asserts "that judicial bias, misconduct, and violations of constitutional and procedural rights render continued participation of the judge improper and prejudicial." Doc. 605 at 1. Defendant then identifies four specific issues: (1) Improper labeling of Discovery Material as Jencks Material; (2) Violation of Brady and Maryland and Due Process; (3) Judicial Misconduct and Denial of the Right to Be Heard; and (4) Forcing a tainted Retrial. *See id. generally*.[1]

All these matters fall under the category of "adverse rulings" and general grievances of perceived unfairness. Additionally, McGee failed to comply with the requirement to submit an affidavit pursuant to 28 U.S.C. § 144. Defendant McGee's motion is slim on reasoning and support.

"[I]t is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature. As a result, except where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (holding that a court's "judicial rulings alone almost never" satisfy the standard for recusal)); *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.").

Moreover, when a motion for disqualification relies on other grounds, recusal is improper unless the moving party can show that the judge has "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky*, 510 U.S. at 556; *see id*. at 558

---

[1] The Court also notes that though not part of this record, Defendant McGee filed a complaint of judicial misconduct with the Eleventh Circuit prior to filing this motion for recusal which was dismissed by the Eleventh Circuit.

(Kennedy, J., concurring in judgment) ("[U]nder [28 U.S.C.] § 455(a), a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute."). A party cannot satisfy this standard simply because a judge "has expressed an opinion" on a legal issue "while on the bench," something the Supreme Court has long recognized is "common," and, in fact, "encourage[d]," by various codes governing judicial conduct. *Republican Party of Minn. v. White*, 536 U.S. 765, 779 (2002).

Defendant makes numerous complaints about the Court's rulings on pretrial motions, discovery issues, and evidentiary rulings at the prior trial that ended in a mistrial (after several motions by the defendants). However, as noted above, adverse rulings are not a basis for recusal. The Court is not going to address each of these rulings individually as the record speaks for itself. The Court has made its rulings based upon its own research and a review of the record and evidence presented. The arguments put forth in the motions to recuse seem to argue that something along the lines of "the only reason you rule against me is because you are biased against me."

Put simply, the party requesting recusal "must allege facts that would convince a reasonable person that bias actually exists". *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) (citation omitted); *see also In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (determining that "a judge . . . should not recuse himself on unsupported, irrational, or highly tenuous speculation" (citation and quotation marks omitted)). "Adverse rulings are grounds for appeal but rarely are grounds for recusal." *In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008); *see also Bolin*, 225 F.3d at 1239 (stating that "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature" (citation and quotation marks omitted)); *Draper v. Reynolds*, 369 F.3d 1270, 1279 (11th Cir. 2004) (noting that adverse rulings

"almost never" constitute valid grounds for recusal (citation and quotation marks omitted)). Moreover, "candid reflections" about a "judge's assessment of a [a party's] conduct" offered "on the basis of facts presented during the proceedings . . . simply do not establish bias or prejudice." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 751 (D.C. Cir. 2016) (internal quotation marks omitted) (quoting *In re Barry*, 946 F.2d 913, 914 (D.C. Cir. 1991)).

Defendant has not alleged sufficient facts to show that any potential bias is personal and distinguishable from the undersigned's judicial role.

### IV. CONCLUSION

Accordingly, Defendant McGee's *Motion to Recuse Presiding Judge* (Doc. 605) was and is **DENIED**.

**DONE** and **ORDERED** this 6th day of January 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE